## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 0:13-CV-02612

| | |
|---|---|
| Bryan K. Becklin, <br><br> Plaintiff, <br><br> v. <br><br> American Accounts & Advisers, Inc., <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

### JURISDICTION

1.    This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.    Plaintiff Bryan K. Becklin (hereinafter "Plaintiff") is a natural person who resides in the City of Blaine, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant") is a

collection agency and with a principal office address located at 7460 80th Street

South, Cottage Grove, Minnesota 55016, and is a "debt collector" as that term

is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.      Sometime before September 2012, Plaintiff allegedly incurred a financial

obligation that was primarily for personal, family or household purposes, and

is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely,

the unpaid balance for medical services provided by Metropolitan

Anesthesia.

7.      Sometime thereafter, the debt was consigned, placed or otherwise transferred

to Defendant for collection from Plaintiff.

### *Plaintiff Requested that Defendant Cease Communication with Him in October 2012*

8.      On or around September 27, 2012, Defendant sent a collection letter to

Plaintiff demanding payment for this alleged debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15

U.S.C. § 1692a(2).

9.      In relevant part, Defendant's September 27, 2012, collection letter provided

the following account details:

Our File #I84474

| Creditor | Account # | Regarding | Principal | Interest | All Costs | Amt Owed |
|---|---|---|---|---|---|---|
| Metropolitan Anesthesia N | 55806237-6270003 | "Becklin, Bryan" | 428.93 | 0.00 | 0.00 | 428.93 |

10. Defendant's September 27, 2012, collection letter also stated the following, in pertinent part:

> Please be advised that the above-mentioned account has been referred to my attention.

> In order to avoid further collection efforts on this account, please send payment in full to my attention.

11. On or around October 5, 2012, pursuant to his rights under the FDCPA at 15 U.S.C. § 1692c(c), Plaintiff sent Defendant a letter requesting that Defendant cease any further communication with him regarding this alleged debt.

12. In pertinent part, Plaintiff's October 5, 2012, cease letter stated, "I am writing in response to your collection letter dated September 27, 2012." . . . "***Please stop sending letters and phone calling***." (Bold and italic emphasis added.)

13. Plaintiff's cease letter was delivered to Defendant on October 15, 2012.

### *Illegal Collection Letter After Cease – November 6, 2012*

14. On or around November 6, 2012, Defendant sent another collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.   Defendant's November 6, 2012, collection letter again demanded payment from Plaintiff on the same account, and stated, in pertinent part, the following:

Our File #I84474

| Creditor | Account # | Regarding | Principal | Interest | All Costs | Amt Owed |
|---|---|---|---|---|---|---|
| Metropolitan Anesthesia N | 55806237-6270003 | "Becklin, Bryan" | 428.93 | 0.00 | 0.00 | 428.93 |

I am writing to inform you that the above-mentioned matter has been referred to my attention.

Be advised that unless we promptly receive <u>PAYMENT IN FULL</u> we will recommend that legal action be commenced. Further be advised that if such action determines that the debt is valid, a writ of execution may be issued. A garnishment summons, writ of attachment or other court ordered supplementary proceeding may also be invoked. If legal action is necessary, all legal fees may be added to your debt. Please be advised that a $30.00 fee will be added for all returned checks. Please include your file number on your payment.

16.   Defendant's November 6, 2012, collection letter demanded payment from Plaintiff on the same debt after Plaintiff specifically requested, in writing, that Defendant stop communicating with him with respect to this debt.

17.   Defendant ignored Plaintiff's cease letter, failed to cease communication with Plaintiff, and continued to collect this disputed debt from Plaintiff.

18.   Defendant's failure to cease communication with Plaintiff, pursuant to Plaintiff's request that Defendant cease communication with him, was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692c(a)(1) and 1692c(c).

19.   Not only did Defendant contact Plaintiff well after Plaintiff's cease letter was delivered to them, but Defendant's November 6, 2012, collection letter also threatened legal action and garnishment on this disputed debt in violation of 15 U.S.C. § 1692e(5), and implied that unauthorized additional fees may be added to this account in violation of 15 U.S.C. § 1692e(2).

20.   This communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Summary*

21.   The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant, after Plaintiff specifically requested in writing that Defendant cease further communication with him, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

22.   Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, frustration, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

23.   The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

25.   By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

26.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

27.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

28.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

30.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 20, 2013            **BARRY & HELWIG, LLC**

By:  s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                                     ) ss

COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Bryan K. Becklin, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        _9_       _20_  ,   _13_
                   Month          Day         Year

_____
Signature